**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROLANDO ABILIO RIVAS ESTRADA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 05-71001 <br><br> Agency No. A070-915-782 <br><br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2009[**]

Before:     ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Rolando Abilio Rivas Estrada, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' order summarily affirming an

immigration judge's ("IJ") order denying his applications for adjustment of status

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

IH/Research

and voluntary departure. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1145 (9th Cir. 2002). We grant the petition for review and remand for further proceedings.

The IJ denied Rivas Estrada's request for relief under the Convention Against Torture ("CAT") on the mistaken assumption that his application had been previously considered and denied in a prior proceeding. We reject the government's contention that Rivas Estrada failed to exhaust this issue. *See Alvarez Figueroa v. Mukasey*, 543 F.3d 487, 493 (9th Cir. 2008). We accordingly remand to the agency to consider Rivas Estrada's eligibility for relief under the CAT in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam).

On remand, the agency should also consider whether Rivas Estrada is eligible for derivative adjustment of status in light of our recent decisions in *Landin-Molina v. Holder*, 580 F.3d 913 (9th Cir. 2009) and *Morales-Garcia v. Holder*, 567 F.3d 1058 (9th Cir. 2009).

In light of our disposition, we need not address Rivas Estrada's remaining contentions.

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED; REMANDED.**